UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Midwest Theatres Corporation d/b/a
CineMagic Theatres, a Minnesota
corporation,

        Plaintiff,

v.

IMAX Corporation, a Delaware
corporation, Geoff Atkins, an individual,
David Campbell, an individual, and Jane
Doe and John Doe, as unknown IMAX
officers and employees,

        Defendants.

Case No. 08-CV-5823 DSD/SRN

**TEMPORARY RESTRAINING
ORDER AND PRELIMINARY
INJUNCTION**

This matter is before the Court upon the motion of Defendant/Counterclaim Plaintiff IMAX Corporation, ("IMAX") for a temporary restraining order and preliminary injunction under Fed. R. Civ. P. 65 preventing Plaintiff Midwest Theatres Corporation d/b/a CineMagic Theatres ("Midwest") from further infringing IMAX's valuable trademarks pending a full resolution on the merits of IMAX's trademark infringement claims.

Based upon the arguments of counsel, the memoranda and declarations submitted therewith, and the entire file herein, the Court **FINDS** as follows:

1.    IMAX has provided sufficient evidence to establish a fair chance of prevailing on its claim for trademark infringement.

2.     IMAX has provided sufficient evidence to establish a fair chance that it will be immediately and irreparably harmed if Midwest is not restrained and enjoined from any further unauthorized use, display or exploitation of the IMAX® Marks.

3.     The harm that IMAX would suffer if Midwest were not temporarily restrained and preliminarily enjoined from any further unauthorized use, display or exploitation of the IMAX® Marks outweighs any harm that Midwest might suffer as a result of the cessation of such activity pending a full resolution on the merits.

4.     The issuance of this temporary restraining order and preliminary injunction serves the public's interest in, among other things, ensuring compliance with the federal Lanham Act, 15 U.S.C. §§1101 *et seq.,* protecting valuable trademarks and avoiding the likelihood of confusion.

5.     The Court determines in its discretion that no security pursuant to Fed.R.Civ.P. 65(c) shall be required.

For these reasons, and upon the arguments of counsel, the memoranda and declarations submitted therewith, and the entire file herein, **IT IS HEREBY ORDERED** that:

1.     IMAX Corporation's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 42] is GRANTED.

2.     Midwest, its officers, agents, servants, employees, attorneys, persons acting in concert or participation with it, and any and all persons with knowledge of this ORDER be restrained and preliminarily enjoined from:

    A. Using or displaying or allowing to be used or displayed, any reproduction, copy, counterfeit or colorable imitation of any IMAX® Mark, in connection with the sale, offering for sale, distribution, advertising or promotion of any goods or services offered by Midwest, in a manner which is likely to cause confusion, or to cause mistake, or to deceive, including but not limited to:

    (i) Displaying any signs on, in or in connection with the St. Michael, Minnesota CineMagic Theatre or any other theatre owned or operated by Midwest;

    (ii) Using or making any references to IMAX, IMAX® content or any IMAX® Mark on any printed ticket or other printed matter produced by Midwest, on its premises, or on its behalf in connection with any goods or services offered by it;

    (iii) Using or making any references to IMAX, IMAX® content or any IMAX® Mark in any advertising, promotion of its goods or services, including but not limited to its listings of movie times, made either directly or indirectly, (including, for example, through any electronic feed from which media receive information for publication).

 3. Midwest shall inform any known third parties and/or business partners and/or advertising sites that it is no longer licensed to use or be associated with IMAX's name or IMAX® Marks.  IMAX may provide notice of any additional use of the IMAX® Marks with Midwest, and Midwest shall have five (5) days to provide notice that Midwest is no longer licensed to use or be associated with IMAX's name or IMAX® Marks.

- 4 -

    4.     Midwest shall serve on IMAX, within ten (10) days after the entry and service on Midwest of this injunction, a report in writing setting forth in detail the manner and form in which Midwest has complied with the injunction.

    5.     No security is necessary under Fed. R. Civ. P. 65(c).

    6.     This ORDER shall remain in effect until further order of the COURT.

Dated: February 17, 2009

    s/David S. Doty
    David S. Doty
    United States District Judge